Signed and Filed: May 22, 2013



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARL ALEXANDER WESCOTT and<br>MONETTE ROSEMARIE STEPHENS,<br><br>Debtors.<br>_____ | ) Bankruptcy Case<br>) No. 12-30143DM<br>)<br>) Chapter 7<br>)<br>)<br>) |

MEMORANDUM DECISION ON MOTION FOR SANCTIONS

I.  INTRODUCTION

Janina M. Hoskins, Trustee ("Trustee"), has moved for sanctions against Sheila Gropper Nelson, Esq. ("Nelson") due to spoliation of evidence. Because the court is of the view that Nelson hampered enforcement of a court order, the Trustee's motion will be granted and Nelson will be sanctioned in the sum of $2,500.

II. DISCUSSION[1]

On August 27, 2012, the court entered an Order Re: Debtor's Motion To Quash Orders For Examination ("Motion To Quash Order") (Docket No. 200). In that order the court specifically directed debtors Carl Alexander Wescott ("Wescott") and Monette Rosemarie

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-1-

Stephens ("Stephens") to produce for inspection and photocopying documents identified in a motion for Rule 2004 examination (Docket No. 65) and in a July 13, 2012 Order For Examination Pursuant To Bankruptcy Rule 2004 (Docket No. 155). The Motion To Quash Order followed a hearing on August 22, 2012, on a motion filed by Nelson on behalf of Wescott to quash or limit the July 13, 2012 Order. On that same date the court held a continued hearing on Nelson's motion to withdraw as Wescott's counsel.

At that hearing the court assured Nelson that she was not responsible for Wescott's own behavior, and that she would be relieved as Wescott's counsel, but would need to continue to be his representative to complete the necessary document production.

Notwithstanding that admonition, when Nelson complained that Wescott had informed her that she had no authority over the records that were his or those of entities that he controlled, the court stated that Nelson would be required to act as Wescott's counsel "at least until this document production is done with." (Transcript of August 22 hearing at 40:17-19).

Five days later, on August 27, 2012, Nelson received an e-mail from Wescott demanding return of three boxes of records that were then in Nelson's possession. Disregarding the Motion To Quash Order and the continued effectiveness of material provisions of the July 13, 2012 Order, as well as the colloquy at the August 22 hearing, Nelson returned the three boxes of records to Wescott's agent.

The present motion followed, and as part of her defense, as set forth in her Declaration In Support Of Opposition To Motion For Sanctions (Docket No. 289), Nelson stated that "I did not

believe that I could withhold materials from a former client."

Trustee's motion appears to be premised on the courts' discretion to sanction parties and their counsel who cause spoliation of evidence, citing <u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951 (9th Cir. 2006). That case relied on the court's inherent powers for such a sanction, and the Trustee cites those same inherent powers as well as 11 U.S.C. § 105.

<u>Leon</u> cites <u>Primus Auto Fin. Services, Inc. v. Batarse</u>, 115 F.3d 644 (9th Cir. 1997). <u>Primus</u> holds that before awarding sanctions, the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith. A party demonstrates bad faith by delaying or disrupting the litigation or <u>hampering enforcement of a court order</u>. <u>Primus</u>, 115 F.3d at 649 (emphasis added).

Further, a party's destruction of evidence qualifies as willful spoliation if the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed." <u>United States v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1001 (9th Cir. 2002). The motion to quash that Nelson filed on Wescott's behalf, coupled with the content of the Motion to Quash Order and the discussions with the court at the August 22, 2012 hearing, establish that she knew that the three boxes of records were relevant to the Trustee's investigations in this Chapter 7 case. Nelson's release of those boxes of records to Wescott under the circumstances where he was resisting the Trustee's efforts, plainly and painfully constitute Nelson's wilful spoliation of evidence the Trustee was entitled to.

From the foregoing the court concludes that Nelson acted in

bad faith in that she frustrated the enforcement of the court's July 13, 2012 Order and the Motion To Quash Order. Her excuse that Wescott was entitled to the records is undermined by the fact that those records are property of the estate under 11 U.S.C. § 541 to which the Trustee is entitled under 11 U.S.C. § 542(a).

Had Wescott asserted any undue pressure or threat to Nelson, perhaps surrender of the three boxes of records would have been explainable; it certainly would not have been bad faith. Unfortunately, Nelson passed up an opportunity either to copy the documents so that both the Trustee and Wescott could have their content, or in the alternative, to seek instructions from the court. She did neither, thus leaving the Trustee without the benefit of knowing what was in the three boxes of records that escaped through Nelson's conduct. The court expects more from Nelson, who holds herself out as a bankruptcy lawyer. Her conduct was entirely unacceptable.

While it is true that ultimately the Trustee recovered numerous boxes of records of Wescott and Stephens, Nelson has not demonstrated that the same three boxes, intact, were ultimately obtained by the Trustee. Thus, the relevance of the missing documents cannot be clearly ascertained because they no longer exist, and Nelson cannot assert any presumption of the relevance as to those destroyed documents. <u>Alexander v. Nat'l Farmers Org.</u>, 687 F.2d 1173 (8th Cir. 1982). Nor can she be exonerated on her belief, without persuasive proof, that nothing was in fact lost.

What remains for the court to do determine an appropriate sanction. Trustee asked for $8,500 in attorneys' fees, all of which were incurred by Trustee's counsel between April 2, and May

-4-

10, 2013, in discussing with the Trustee her decision to file the motion for sanctions, performing research and drafting, making revisions, consideration of Nelson's opposition, preparation of the reply, and attendance at the hearing on the motion.  The Trustee has not pointed to any specific dollar amount attributable to the loss of the records, as distinguished from amount attributable to the motion to seek redress for that loss.

    Under the circumstances the court will not award $8,500. Leon instructs that monetary sanctions must be "reasonable." Leon, 464 F.3d at 951, citing Brown v. Baden (In re Yagman), 796 F.2d 1165 (9th Cir.), as amended by 803 F.2d 1085 (1986), cert. denied, 108 S.Ct. 450 (1987).  The court determines that a reasonable sanction for Nelson's inexcusable behavior is $2,500. The court is concurrently entering an order to that effect, concurrent with this Memorandum Decision.

                  **END OF MEMORANDUM DECISION**

Case: 12-30143    Doc# 300    Filed: 05/22/13    Entered: 05/23/13 10:57:17    Page 5 of 5