Entered on Docket
August 05, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: August 4, 2013



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    ) Bankruptcy Case
                                         ) No. 12-30143DM
CARL ALEXANDER WESCOTT and               )
MONETTE ROSEMARIE STEPHENS,              ) Chapter 7
                                         )
                        Debtors.         )
_____)

### AMENDED MEMORANDUM DECISION ON MOTION FOR SANCTIONS

I.  INTRODUCTION

Janina M. Hoskins, Trustee ("Trustee"), has moved for sanctions against Sheila Gropper Nelson, Esq. ("Nelson") due to spoliation of evidence. Because the court is of the view that Nelson hampered enforcement of a court order, the Trustee's motion will be granted and Nelson will be sanctioned in the sum of $2,500.[1]

---

[1] On May 22, 2013, the court issued its Memorandum Decision On Motion For Sanctions, and on the same day its Order Imposing Sanctions. Nelson filed a timely Motion To Alter and Amend Imposition of Sanctions ("Motion to Reconsider") on June 4, 2013, and Trustee opposed. Following argument on July 12, 2013, the court took the motion under advisement. The Motion to Reconsider is DENIED in that the Order Imposing Sanctions will not be altered or amended, and GRANTED to the extent reflected in this Amended Memorandum Decision.

-1-

## II. DISCUSSION[2]

On August 27, 2012, the court entered an Order Re: Debtor's Motion To Quash Orders For Examination ("Motion To Quash Order") (Docket No. 200). In that order the court specifically directed debtors Carl Alexander Wescott ("Wescott") and Monette Rosemarie Stephens ("Stephens") to produce for inspection and photocopying documents identified in a motion for Rule 2004 examination (Docket No. 65) and in a July 13, 2012 Order For Examination Pursuant To Bankruptcy Rule 2004 (Docket No. 155). The Motion To Quash Order followed a hearing on August 22, 2012, on a motion filed by Nelson on behalf of Wescott to quash or limit the July 13, 2012 Order. On that same date the court held a continued hearing on Nelson's motion to withdraw as Wescott's counsel.

At that hearing the court assured Nelson that she was not responsible for Wescott's own behavior, and that she would be relieved as Wescott's counsel, but would need to continue to be his representative to complete the necessary document production.

Notwithstanding that admonition, when Nelson complained that Wescott had informed her that she had no authority over the records that were his or those of entities that he controlled, the court stated that Nelson would be required to act as Wescott's counsel "at least until this document production is done with." (Transcript of August 22 hearing at 40:17-19).

Five days later, on August 27, 2012, Nelson received an e-mail from Wescott demanding return of three boxes of records that were then in Nelson's possession. Disregarding the Motion To

---

[2] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

Case: 12-30143   Doc# 322   Filed: 08/04/13   Entered: 08/05/13 11:19:58   Page 2 of 6

Quash Order and the continued effectiveness of material provisions of the July 13, 2012 Order, as well as the colloquy at the August 22 hearing, Nelson returned the three boxes of records to Wescott's agent.

The present motion followed, and as part of her defense, as set forth in her Declaration In Support Of Opposition To Motion For Sanctions (Docket No. 289), Nelson stated that "I did not believe that I could withhold materials from a former client."

Trustee's motion appears to be premised on the court's discretion to sanction parties and their counsel who cause spoliation of evidence, citing Leon v. IDX Sys. Corp., 464 F.3d 951 (9th Cir. 2006). That case relied on the court's inherent powers for such a sanction, and the Trustee cites those same inherent powers as well as 11 U.S.C. § 105.

Leon cites Primus Auto Fin. Services, Inc. v. Batarse, 115 F.3d 644 (9th Cir. 1997). Primus holds that before awarding sanctions, the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith. A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order. Primus, 115 F.3d at 649 (emphasis added).

Further, a party's destruction of evidence qualifies as willful spoliation if the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). The motion to quash that Nelson filed on Wescott's behalf, coupled with the content of the Motion to Quash Order and the discussions with the court at the August

-3-

22, 2012 hearing, establish that she knew that the three boxes of records were relevant to the Trustee's investigations in this Chapter 7 case. Nelson's release of those boxes of records to Wescott under the circumstances where he was resisting the Trustee's efforts, plainly and painfully constitute Nelson's wilful spoliation of evidence the Trustee was entitled to.

In the Motion to Reconsider Nelson admits to her lapse in judgment, and that she should have sought further clarification when presented with the conflicting demands of her former client and the Trustee who was seeking to enforce the court's orders.

From the foregoing the court concludes that Nelson's action, while not in bad faith per se, had the same effect in that she frustrated the enforcement of the court's July 13, 2012 Order and the Motion To Quash Order. Her excuse that Wescott was entitled to the records is undermined by the fact that those records are property of the estate under 11 U.S.C. § 541 to which the Trustee is entitled under 11 U.S.C. § 542(a). Nelson, holding herself out as a bankruptcy expect, knew this. This adverse effect on the Trustee's administration had the same effect - was "tantamount"[3] (Primus, 115 F. 3d at 649) - to an act in bad faith.

Had Wescott asserted any undue pressure or threat to Nelson, perhaps surrender of the three boxes of records would have been explainable. Unfortunately, Nelson passed up an opportunity either to copy the documents so that both the Trustee and Wescott could have their content, or in the alternative, to seek

---

[3] See definition of "tantamount" as "equivalent in value, significance or effect" at www.merriman-webster.com/dictionary/tantamount (Emphasis added).

-4-

instructions from the court.  She did neither, thus leaving the
Trustee without the benefit of knowing what was in the three boxes
of records that escaped through Nelson's conduct.  The court
expects more from Nelson.  Her conduct, while perhaps
understandable, was entirely unacceptable.

While it is true that ultimately the Trustee recovered
numerous boxes of records of Wescott and Stephens, Nelson has not
demonstrated that the same three boxes, intact, were ultimately
obtained by the Trustee.  Thus, the relevance of the missing
documents cannot be clearly ascertained because they no longer
exist, and Nelson cannot assert any presumption of the relevance
as to those destroyed documents.  <u>Alexander v. Nat'l Farmers Org.</u>,
687 F.2d 1173 (8th Cir. 1982).  Nor can she be exonerated on her
belief, without persuasive proof, that nothing was in fact lost.

What remains for the court to do determine an appropriate
sanction.  Trustee asked for $8,500 in attorneys' fees, all of
which were incurred by Trustee's counsel between April 2, and May
10, 2013, in discussing with the Trustee her decision to file the
motion for sanctions, performing research and drafting, making
revisions, consideration of Nelson's opposition, preparation of
the reply, and attendance at the hearing on the motion.  The
Trustee has not pointed to any specific dollar amount attributable
to the loss of the records, as distinguished from the amount
attributable to the motion to seek redress for that loss.

Under the circumstances the court will not award $8,500.
<u>Leon</u> instructs that monetary sanctions must be "reasonable."
<u>Leon</u>, 464 F.3d at 951, citing <u>Brown v. Baden (In re Yagman)</u>, 796
F.2d 1165 (9th Cir.), as amended by 803 F.2d 1085 (1986), <u>cert.</u>

<u>denied</u>, 108 S.Ct. 450 (1987). The court determines that a reasonable sanction for Nelson's inexcusable behavior is $2,500.[4]

**END OF MEMORANDUM DECISION**

---

[4] Nelson, in her Motion To Reconsider, asks the court to reduce that amount and Trustee asks that it be increased to the $8500 she requested initially. The court is mindful that Nelson may need to report this amount to the State Bar, but that fact does not justify a reduction under the circumstances.

Case: 12-30143   Doc# 322   Filed: 08/04/13   Entered: 08/05/13 11:19:58   Page 6 of 6